UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RONALD WIRTH, JR.                                                         CIVIL ACTION

VERSUS                                                                    07-1727

ALLSTATE INSURANCE                                                        SECTION "T"(2)
COMPANY et al.

## ORDER AND REASONS

Before the Court is the plaintiff's Motion to Remand. [Rec. Doc. No. 9]. For the following reasons, the motion is DENIED.

**I.   Background**

This case arises from damages to the plaintiff's home at 301 Hay Place, New Orleans, Louisiana 70124 due to Hurricane Katrina. Plaintiff purchased a flood insurance policy from defendant Stacy Lynn Lodrigues ("Lodrigues") that covered the time at which the hurricane damaged the home. The policy had a limit of $120,000 for the structure, and plaintiff alleges that this limit was insufficient to properly cover the residence, as it was valued at $240,000. Defendant Lodrigues also procured a policy covering the plaintiff's contents for $50,000, an amount which the plaintiff claims was insufficient as the contents' value was allegedly in excess of $100,000. Rec.

Doc. No. 1, p. 6.

Plaintiff's residence was damaged by wind, wind-driven rain and tornadic activity during the hurricane and by flood in the immediate aftermath of the hurricane. Defendant Allstate Insurance Company ("Allstate"), the plaintiff's homeowner's insurer tendered payment for the dwelling that the plaintiff alleges was untimely and insufficient.

Plaintiff filed suit in August 2006 in the Civil District Court for the Parish of Orleans against Allstate, Lodrigues and ABC Insurance Company, the unknown insurer of Lodrigues ("ABC"). Id. at p. 1. Plaintiff's claims against Lodrigues are breach of duty and failure to procure appropriate flood insurance, and plaintiff's claims against Allstate are for arbitrary and capricious adjustment of the plaintiff's claims. Defendant removed this action to federal court on the basis of diversity jurisdiction under 28 USC § 1332. Plaintiff now seeks remand.

**II.      28 USC §1332 Federal Jurisdiction**

Any civil action may be removed from state court to federal court if it is proven that the federal court has original jurisdiction. See 28 U.S.C. §1441 (2006). The district courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states. See, 28 U.S.C. § 1332 (2006). For diversity jurisdiction to attach, there must be complete diversity, *i.e.* the citizenship of every plaintiff must be diverse from the citizenship of every defendant. Strawbridge v. Curtiss, 7 U.S. 267, 3 Cranch 267, 2 L. Ed 435 (1806). Despite the presence of a non-diverse party, the federal court may retain jurisdiction should it conclude that the plaintiff improperly and without basis joined the

non-diverse party. Smallwood v. Illinois Central Railroad Co., 352 Fed. 3d 220, 222 (5th Cir. 2003).

To show improper joinder, the party seeking removal must show the "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Smallwood v. Illinois Railroad Co., 252 F.3d 220, 222-23 (5th Cir. 2003); See also, B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981). Courts examine "[i]f there is 'arguably a reasonable basis for predicting that the state law might impose liability on the facts involved.'" Smallwood, 352 F.3d at 223 (citing Jernigan v. Ashland Oil Inc., 989 F.2d 812, 816 (5th Cir. 1993)). Furthermore, the Fifth Circuit has stated that "[i]f the plaintiff has *any* possibility of recovery under state law against the party whose joinder is questioned, then the joinder is not fraudulent in fact or law." Rich III v. Bud's Boat Rentals, Inc., 1997 WL 785668, *2 (E.D. La. 2003) (citing Burden v. General Dynamics Corp., 60 F.3d 213, 216 (5th Cir. 1995)(emphasis added)).

A party is considered fraudulently joined when the plaintiff has not or can not state a claim for relief against the individual or entity under the applicable substantive law or does not intend to secure a judgment against that defendant. Englande v. Glaxo Smithkline, 206 F. Supp. 2d 815, 817 (E.D. La. 2002) (citing Erdey v. American Honda Co., Inc., 96 F.R.D. 593, 595 (M.D. La. 1983)). The key inquiry to a claim of fraudulent joinder is whether the facts as alleged support the plaintiff's substantive claims against the non-diverse defendants. Englande, 206 F. Supp. 2d at 819 (citing B., Inc., 663 F.2d at 545). Any ambiguities are construed against removal, as the removal statute should be strictly construed in favor of remand. Englande, 206 F. Supp. 2d at 817 (citing Cavallini, 44 F.3d at 264). Because the fraudulent joinder doctrine is a narrow exception to the rule that diversity jurisdiction requires complete diversity, the burden of demonstrating fraudulent joinder is a heavy

3

one.  Smallwood, 352 F.3d at 222.

**III.    Analysis**

Defendant's removal notice states that this Court has original diversity jurisdiction because none of the properly joined defendants is a citizen of the state of Louisiana, and therefore complete diversity exists from the Louisiana citizen plaintiff.  Defendant Allstate Insurance Company is domiciled and has its principal place of business in Illinois and is incorporated in Delaware.  See Rec. Doc. No. 1, p. 2. The removal notice then states that Louisiana defendant Lodrigues is improperly joined in this action to preclude federal jurisdiction and therefore this Court should disregard her citizenship for the purposes of the jurisdictional inquiry.  Defendant argues that Lodrigues' inclusion as a defendant in this case is improper because Lodrigues had no duty to identify the plaintiff's needs and ensure that he carried sufficient insurance and that even if such a duty existed, the claim has been perempted under La. R.S. 9:5606.

In response to the removal of this action, plaintiff has filed the instant motion to remand, arguing that Lodrigues was properly joined in this case, and therefore the case should be remanded because complete diversity is lacking.  Plaintiff argues that he can state a claim against his agent for the failure to procure the coverage that he desired.  Plaintiff cites Karam v. St. Paul Fire & Marine Ins. Co., 281 So. 2d 728, 730-31 (La. 1973), wherein the court held that a plaintiff "may recover from the agent the loss he sustains as a result of the agent's failure to procure the desired coverage if the actions of the agent warranted an assumption by the client that he was properly insured in the amount of the desired coverage." Id. (citing Kieran v. Commercial Union Insurance Company of New York, 271 So.2d 889 (La. App .4th Cir. 1973); Hight v. Stewart, 265 So.2d 640 (La. App. 2d

Cir. 1972); Bordelon v. Herculean Risks, Inc., 241 So.2d 766 (La. App.3d Cir. 1970); Shrv Teletype Coin Exchange, Inc. v. Commercial Union Insurance Company of New York, 191 So.2d 208 (La.App.2d Cir. 1966); Arceneaux v. Bellard, 149 So.2d 444 (La.App.3d Cir. 1963); Brown v. Stephens Buick Company, 139 So.2d 579 (La.App.4th Cir. 1962)).

In order to determine whether Ms. Lodrigues was improperly joined, the Court must determine whether she owed a legal duty to the plaintiff which she violated, giving rise to an actionable claim, *or* even if such duty was owed and then breached, whether the claim has been perempted by law. Allstate notes the many Eastern District cases that recognize that Louisiana law "imposes no duty on agents to identify spontaneously a client's needs and advise him as to whether he is underinsured or carries the right type of coverage." See Ruiz v. Allstate Ins. Co., 2007 WL 781308 (E.D. La. March 9, 2007) (Feldman, J.) citing Dobson v. Allstate Ins. Co., 2006 WL 2078423, at *10 (E.D. La. July 21, 2006) (Vance, J.); Parker v. Lexington Ins. Co., 2006 WL 3328041 (E.D. La. Nov. 15, 2006) (Zainey, J.); Sullivan v. State Farm Fire and Cas. Ins. Co., No. 06-0004, Rec. Doc. Nos. 42, 44 (E.D. La. Apr. 6, 2006) (Duval, J.); Whitehead v. State Farm Ins. Co., No. 06- 8115, Rec. Doc. 9 (E.D. La. Dec. 15, 2006) (Berrigan, C.J.). Irrespective of whether the plaintiff could have established a claim against Lodrigues based on breach of duty or failure to procure, the Court finds that addressing the issue of peremption is a sufficient way to resolve this motion.

Defendant Allstate argues that even if plaintiff can state a cause of action against Lodrigues, the claim has been perempted. La. R.S. 9:5606 provides:

> No action for damages against any insurance agent, broker,

5

> solicitor, or other similar licensee under this state, whether based upon tort, breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and property venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission or neglect.

La. R.S. 9:5606. The statute specifically provides that the period is peremptive by nature and cannot be interrupted, renounced or suspended. Id.

In Dobson v. Allstate Ins. Co., 2006 WL 2078423 at *10 (E.D. La. July 21, 2006), also a Hurricane Katrina case, it was alleged that the plaintiff's insurance agent failed to respond to requests with respect to plaintiff's claims, failed to timely provide a copy of the policy, failed to properly monitor the adjustment process and "failed to obtain adequate insurance coverage in amounts and on terms which protected plaintiff against the losses ...suffered." Id. at *5. Judge Vance ruled that the "wrongful acts alleged against [the agent] occurred in 1989, when plaintiff purchased her policy. Subsequent renewals of insurance policies do not restart the prescriptive period on torts committed at the time of initial purchase." 2006 WL 2078423 at *6 (citing Biggers v. Allstate Ins. Co., 886 So.2d 1179, 1182-83 (La.Ct.App.2004); Bel v. State Farm Mut. Auto. Ins. Co., 845 So.2d 377, 382-83 (La.Ct.App.2003); see also Bordelon v. The Indep. Order of Foresters, 2005 WL 3543815 at *3 (E.D.La.2005)). Therefore, Judge Vance concluded that the suit, filed after Hurricane Katrina, was time barred under the three year peremptive provision provided by La. R.S. 9:5606.

In this case, plaintiff's policy was first issued in 1988 and was renewed before the hurricane on May 24, 2005. See Rec. Doc. No. 11, Exhibit 1. The plaintiff alleges that Lodrigues secured deficient structure and contents coverage as she knew that the insured's residence and contents was worth more than the value at which they were covered. However, an insured party is generally responsible for reading his policy, and he is presumed to know its provisions. Barash v. Encompass Indemnity Co., 2006 WL 379130 (citing Dobson v. Allstate Ins. Co., 2006 WL 2078423 at *10 (E.D. La. July 21, 2006)). If the insurance agent had "presumed knowledge" that the contents and structure coverage was deficient when the coverage was placed, then the insured had presumed knowledge that the coverage was deficient as well. See Rec. Doc. No. 1-2, p. 5.

In Campo v. Correa, 828 So.2d 502, 510-511 (La. 2002), the Louisiana Supreme Court said:

> Prescription commences when a plaintiff obtains actual or constructive knowledge of facts indicating to a reasonable person that he or she is the victim of a tort. A prescriptive period will begin to run even if the injured party does not have actual knowledge of facts that would entitle him to bring a suit as long as there is constructive knowledge of same. Constructive knowledge is whatever notice is enough to excite attention and put the injured party on guard and call for inquiry. Such notice is tantamount to knowledge or notice of everything to which a reasonable inquiry may lead. Such information or knowledge as ought to reasonably put the alleged victim on inquiry is sufficient to start running of prescription.

Id. (citations omitted)(emphasis added). As Judge Vance held in Dobson, if the act or omission was in placing the insufficient coverage, then the peremptive period would run from the purchase of the policy in 1988, and would be unaffected by the subsequent renewals. 2006 WL 2078423 at *10. With knowledge that his home was worth more than the value stated on the policy, the plaintiff would have constructive knowledge sufficient to start the running of prescription when the insufficient policy was procured.

7

However, plaintiff also alleges, in vague terms, that "[p]rior to Hurricane Katrina plaintiff inquired about raising structure and contents coverage for flood to the maximum allowed by NFIP. In response, LODRIGUES recommended Plaintiff not raise his flood coverage for contents and structure". See Rec. Doc. No. 1-2, p. 5.  Therefore, it seems that the plaintiff is alleging that there was a separate tort that occurred after the policy was procured that would operate to restart the calculation of the peremptive period. In Fidelity Homestead Ass'n v. Hanover Ins. Co., 458 F. Supp.2d 276, (E.D. La. 2006), Judge Berrigan ruled that while renewals of insurance policies usually do not operate to restart peremption, renewals can be the basis of separate torts, if the complained of conduct constitutes "separate and distinct acts." Id. at 280.  Therefore, if separate and distinct acts or omissions occur after the purchase of the policy or at the time of the renewals, peremption can be restarted.

The Court finds that even if the plaintiff's generalized allegation that he "inquired" about raising his coverage was sufficient to re-start the peremptive period, the claim would still be perempted under the one year provision of the statute.  The complaint alleges Lodrigues made representations "prior to Hurricane Katrina" that the plaintiff "not raise his flood coverage for contents and structure." Id.  This case was filed on August 29, 2006, more than a year after the act, omission or neglect that occurred "prior to Hurricane Katrina."  As the plaintiff already had sufficient knowledge to "excite attention" that his house was insufficiently covered, the period for peremption began no later than some point before the hurricane, and the claim was extinguished a year later, before the one year anniversary of the storm, when this claim was filed.

As any claim by the plaintiff against Defendant Lodrigues has been perempted under La.

R.S. 9:5606, the plaintiff cannot state a viable claim against her. Therefore, this defendant was improperly joined and should not be considered in determining the Court's jurisdiction. Because Lodrigues was the only non-diverse defendant, without whom diversity jurisdiction exists, the Court finds that jurisdiction based on diversity is proper.

Accordingly,

**IT IS ORDERED** that the Plaintiff's Motion to Remand be **DENIED**.

New Orleans, Louisiana, this 20th day of August, 2007.

_____
**UNITED STATES DISTRICT JUDGE**
**G. THOMAS PORTEOUS, JR.**